UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12256-GAO

DEENA C. ETHRIDGE,
Plaintiff,

v.

PNC BANK, N.A. and
PNC FINANCIAL SERVICES GROUP, INC.,
Defendants.

ORDER
September 11, 2012

O'TOOLE, D.J.

According to the allegations of the complaint, in 2005, the plaintiff gave a second mortgage to National City Bank as security for a home equity loan. The defendant PNC Bank, N.A., is a successor to National City Bank and the current holder of the mortgage. It appears uncontroverted from other filings that the defendant PNC Financial Services Group, Inc., is the parent of PNC Bank.

After the plaintiff fell behind in her payments on the loan, she proposed a short sale and a compromise satisfaction of the amount due PNC Bank, which then stood at approximately $148,000. PNC rejected the plaintiff's proposal to pay only $40,000 of that sum and countered with an offer to accept $72,000. The complaint further alleges that PNC refused to negotiate beyond its initial counterproposal and reminded the plaintiff an unspecified number of times that it was entitled to collect the full amount it was owed. In the several counts of the complaint, the plaintiff claims that these acts amounted to intentional infliction of emotional distress, negligent infliction of emotional distress, interference with contractual and advantageous commercial

relations, and unfair and deceptive acts under Chapter 93A of the Massachusetts General Laws. The defendants have moved to dismiss the complaint in its entirety.

In order for a party to be liable for intentional infliction of emotional distress, that party's behavior must be "extreme and outrageous," meaning it must be "utterly intolerable in a civilized community." Agis v. Howard Johnson Co., 355 N.E.2d 315, 319 (Mass. 1976).

The complaint does not allege any behavior by the defendants that would meet that standard. PNC agreed to forgive $76,000 of the plaintiff's loan obligation but no more. This action simply cannot be characterized as "utterly intolerable in a civilized community," even though the plaintiff was unsatisfied with the amount proposed. Id. Nor was the bank's insistence on a higher payment than the plaintiff wanted "extreme and outrageous" simply because the bank, having reviewed the plaintiff's financial information, may have known the plaintiff was likely to suffer emotional distress as a result of the rejection of her offer. Unfortunately, many individuals whose financial woes force them to resort to short sales are emotionally distressed by their circumstances. That unfortunate reality alone does not support a claim for damages for intentional infliction of emotional distress.

The plaintiff also argues that PNC negligently inflicted emotional distress on the plaintiff. A plaintiff in an action for negligence may in certain circumstances recover damages for emotional distress caused by the defendant's breach of a duty of care. See Payton v. Abbott Labs, 437 N.E.2d 171 (Mass. 1982). However, the plaintiff must prove both the duty and breach, as a claim for negligent infliction of emotional distress "requires a basis to find that the [defendant] [was] negligent, namely that the [defendant] owed the plaintiffs a duty that it . . . violated." Urman v. S. Bos. Sav. Bank, 674 N.E.2d 1078, 1083 (Mass. 1997).

In the present case, PNC's allegedly negligent conduct was refusing to accept or further negotiate the plaintiff's proposed short sale terms. A contracting party acting at arm's length does not owe a generalized tort-based duty to use care to another contracting party. In opposing the defendants' motion to dismiss, the plaintiff points to no authority to the contrary. In the absence of actionable negligence, there is no claim for negligently caused emotional distress.

Third, the plaintiff claims PNC interfered with contractual or advantageous relations between her and the proposed buyer of her property in the short sale. To show interference with contractual or advantageous relations, a plaintiff must prove that the defendant acted for an improper purpose or by improper means. Buster v. George W. Moore, 783 N.E.2d 399, 414 (Mass. 2003). With regard to interference, "legitimate advancement of [one's] own economic interest . . . is not 'improper' . . . ." FAMM Steel v. Sovereign Bank, 571 F.3d 93, 107 (1st Cir. 2009). In the present case, the complaint contains no allegations of any improper purpose or improper means. In the absence of any claim to the contrary by the plaintiff, it appears the defendant was legitimately attempting to advance its own economic interest by obtaining the benefit of the legally-binding agreement it had made with the plaintiff.

Finally, the plaintiff argues that the bank's actions were unfair and deceptive in violation of Chapter 93A of the Massachusetts General Laws. To show that behavior is unfair within the meaning of Chapter 93A, a claimant must show, among other things, that the behavior was "within . . . the penumbra of some common-law, statutory, or other established concept of unfairness . . . ." Linkage Corp. v. Trs. of Bos. Univ., 679 N.E.2d 191, 209 (Mass. 1997). The plaintiff has failed to allege any unfair behavior by the defendants, other than the refusal to accept the plaintiff's terms. The complaint fails to allege unfair behavior sufficient to support a Chapter 93A claim.

For the forgoing reasons, the Motion to Dismiss (dkt. no. 4) is GRANTED. The Complaint is DISMISSED.

It is SO ORDERED.

                                                    /s/ George A. O'Toole, Jr.
                                                      United States District Judge